59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bruce A. BREDESON, Petitioner-Appellant,
v.
James H. GOMEZ, Respondent-Appellee.
 No. 94-16305.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 23, 1995.*
Decided June 26, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bruce A. Bredeson, Jr., a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Bredeson contends that he was denied effective assistance of counsel at his bench trial on a murder charge. In closing arguments, Bredeson's counsel argued that the judge should consider the lesser included offense of manslaughter. Counsel agreed with the judge that to do so, the judge would have to disregard Bredeson's testimony that he had nothing to do with the alleged murder. We agree with the district court that Bredeson has not demonstrated that his counsel's performance was deficient or that he was prejudiced by counsel's tactics. We affirm.
 
 
 3
 Bredeson has not shown that his attorney's performance was deficient. Strickland v. Washington, 466 U.S. 668 (1984). We agree with the district court that defense counsel's statements were made as part of a sound trial strategy. See Hughes v. Borg, 898 F.2d 695, 703 (9th Cir. 1990). Such trial tactics do not fall below the objective standard of reasonableness required of effective assistance of counsel. See Strickland, 466 U.S. at 689.
 
 
 4
 Moreover, Bredeson was not prejudiced by counsel's action. See id. at 694. We will not presume prejudice unless counsel's statements amount to an "actual breakdown of the adversarial process." See United States v. Cronic, 466 U.S. 648, 657 (1984). Actual prejudice is required where counsel has "engaged in an unsuccessful tactical maneuver that was intended to assist defendant in obtaining a favorable ruling." United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir. 1991). Bredeson has not demonstrated actual prejudice resulting from his counsel's statements during closing argument. The expert testimony overwhelmingly rejected Bredeson's version of the cause of his son's death. The outcome would not have been different if Bredeson's attorney had not argued for the lesser included offense.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3